UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WINMAR CONSTRUCTION, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JK MOVING & STORAGE, INC. )<br>)<br>Defendant. )<br>) | Civil Action No. 17-2164 (EGS) |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is defendant JK Moving & Storage, Inc.'s ("JK Moving") motion to dismiss plaintiff Winmar Construction, Inc.'s ("Winmar") complaint, or, in the alternative, transfer venue to the United States District Court for the Eastern District of Virginia. *See* Def.'s Mot., ECF No. 6. Upon consideration of the motion, the response and reply, the applicable law, and the entire record, JK Moving's motion shall be **GRANTED IN PART** and this proceeding shall be **TRANSFERRED** to the United States District Court for the Eastern District of Virginia ("Eastern District").

I. Background

Winmar, a District of Columbia ("D.C.") commercial construction corporation, brings this complaint against JK Moving, a Virginia moving and storage corporation. *See generally*

1

Compl., ECF No. 1. In 2016, Winmar was hired to renovate the Hilton Crystal City at Washington Reagan National Airport Hotel ("the Hilton"). *Id.* ¶ 2. To accomplish the renovations, Winmar entered into five contracts with JK Moving to move and store the Hilton's furniture. *Id.* ¶ 3. The relevant contracts were negotiated and signed in D.C. between February and December 2016. *Id.* The furniture was moved from the Hilton, located in Arlington, Virginia, and stored in JK Moving's warehouse, located in Sterling, Virginia. Exhibit 1 to Def.'s Mot., ECF No. 6-1 at 12. To date, Winmar has paid JK Moving nearly $115,000 for its services. Compl., ECF No. 1 ¶ 5. JK Moving has demanded that that Winmar pay the additional $50,000 allegedly owed pursuant to the contracts. *Id.* ¶ 6. Winmar alleges that JK Moving damaged sixteen pieces of furniture and converted thirteen pieces of furniture. *Id.* Winmar also alleges that the contracts are void because JK Moving does not have a moving and storage license, as required by D.C. law. *Id*. ¶¶ 13-17.

Seeking to collect the entire sum allegedly owed, JK Moving sued Winmar and its President, Edwin Villegas, for breach of contract and fraud in Loudoun County Circuit Court on October 12, 2017. *See* Eastern District Compl., ECF No. 6-1. Winmar then removed the case to the Eastern District. Notice of Removal, ECF No. 6-3. Winmar answered JK Moving's complaint on November 7, 2017, denying the allegations and asserting the affirmative

defenses "set forth in Winmar's Complaint filed against JK Moving in the United States District Court for the District of Columbia." Eastern District Answer, ECF No. 6-2 ¶¶ 1, 2.

On October 18, 2017, Winmar filed its Complaint against JK Moving in this Court. *See generally* Compl., ECF No. 1. Winmar's three count complaint seeks: (1) a declaratory judgment that the contracts are void under D.C. law; (2) damages resulting from JK Moving's alleged conversion of thirteen pieces of furniture; and (3) damages resulting from JK Moving's alleged negligence in moving and/or storing the furniture. *Id*. ¶¶ 13-27. Winmar's complaint concerns the same contracts at issue in the Eastern District case. *Compare* D.C. Compl., ECF No. 1 *with* Eastern District Compl., ECF No. 6-1.

## II. Standard of Review

As stated by this Court:

> Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." In so doing, the district court has discretion to transfer a case based on an "'individualized case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)); *see also Demery v. Montgomery County*, 602 F. Supp. 2d 206, 210 (D.D.C. 2009) ("Because it is perhaps impossible to develop any fixed general rules on when cases should be transferred[,] . . . the proper technique

3

> to be employed is a factually analytical, case-by-case determination of convenience and fairness.") (internal quotation marks omitted). The moving party bears the burden of establishing that transfer of the action is proper. *Devaughn v. Inphonic, Inc.*, 403 F. Supp. 2d 68, 71 (D.D.C. 2005); *see also SEC v. Savoy Indus., Inc.*, 587 F.2d 1149, 1154 (D.C. Cir. 1978) (noting that the district court's denial of a motion to transfer "was effectively a ruling that [the appellant] had failed to shoulder his burden").
>
> In order to justify a transfer, defendants must make two showings. First, they must establish that the plaintiff could have brought suit in the proposed transferee district. *Devaughn*, 403 F. Supp. 2d at 71-72; *Trout Unlimited v. United States Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996). Second, defendants must demonstrate that considerations of convenience and the interests of justice weigh in favor of a transfer. *Devaughn*, 403 F. Supp. 2d at 72; *Trout Unlimited*, 944 F. Supp. at 16.

*Berry v. United States Dept. of Justice*, 49 F. Supp. 3d 71, 74-75 (D.D.C. 2014).

To determine whether "considerations of convenience and the interests of justice weigh in favor of a transfer," the Court considers private-interest factors including: "(1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendant; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that witnesses may be unavailable in one fora; and (6) the ease of access to sources

4

of proof." *Id.* at 75 (citations omitted). Finally, the Court considers whether certain public-interest factors weigh in favor of transfer, including "(1) the transferee's familiarity with the governing laws, (2) the relative congestion of each court, and (3) the local interest in deciding local controversies at home." *Id.* at 77 (quoting *Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 34 (D.D.C. 2008)(additional citations omitted).

### III. Discussion

#### A. Winmar Could Have Brought this Suit in the Eastern District

Pursuant to 28 U.S.C. § 1391(b), a lawsuit "may be brought in" a judicial district (1) where "any defendant resides, if all defendants are residents of the State in which the district is located"; (2) where "a substantial part of the events or omissions giving rise to the claim occurred"; or (3) if there is no judicial district where the case may be brought as provided by the first two categories, where "any defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(b). "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b)." *Atl. Marine Const. Co. v. U.S. District Court for the W. District of Tex.*, 134 S. Ct. 568, 577 (2013).

It is undisputed that Winmar's case could have been brought in the Eastern District. *See* Pl.'s Opp'n, ECF No. 8 at 7-9;

5

Def.'s Mot., ECF No. 6 at 8. The Court agrees—"a substantial part of the events or omissions giving rise to [Winmar's] claim occurred" in Virginia. 28 U.S.C. § 1391(b)(2). Although the contracts were negotiated and entered into in D.C. and payments were made in D.C., the contracts were performed in Virginia and this performance gave rise to Winmar's claims. *See* Compl., ECF No. 1 ¶¶ 2-6, 19-21, 23-27. The Court additionally notes that Winmar answered the Complaint in the Eastern District—rather than challenging venue—and asserted as affirmative defenses its claims pending before this Court. Eastern District Answer, ECF No. 6-2, ¶¶ 1-2 (citing the Complaint in this case specifically). Therefore, the lawsuit before this Court could have been brought in the Eastern District.

### B. Considerations of Convenience and the Interests of Justice Weigh in Favor of a Transfer

#### 1. Private Interest Factors

##### a. *Plaintiff's Choice of Forum*

"Absent specific facts that would cause a district court to question plaintiffs' choice of forum, plaintiffs' choice is afforded substantial deference." *Wilderness Society v. Babbitt,* 104 F. Supp. 2d 10, 12 (D.D.C. 2000)(citations omitted). Winmar argues that the Court should defer to its chosen forum because this Court is the only venue where personal jurisdiction exists over all parties. Pl.'s Opp'n, ECF No. 8 at

6

7. Not necessarily. As discussed above, Winmar and Mr. Villegas are defendants in the earlier-filed Eastern District case. *See* Eastern District Answer, ECF No. 6-2. Rather than contesting that court's jurisdiction, Winmar consented to the Court's personal jurisdiction by filing an Answer to JK Moving's complaint. *Id.* To the extent Winmar asserts that the Eastern District does not have jurisdiction over Mr. Villegas, its argument is irrelevant because Mr. Villegas is not a party before this Court. *See generally* Compl., ECF No. 1. Moreover, as previously discussed, *see supra* Section III (A), Winmar has asserted the very issues before this Court as affirmative defenses in the Eastern District. Eastern District Answer, ECF No. 6-2 ¶¶ 1-2. This choice undermines Winmar's choice of forum. Ultimately, the Court is not persuaded that Winmar's choice of forum should be given substantial deference.

### b. *Defendant's Choice of Forum*

A defendant's choice of forum is a consideration when deciding a transfer motion, but it is not ordinarily entitled to deference. *Douglas v. Chariots for Hire*, 918 F. Supp. 2d 24, 32 (D.D.C. 2013) (citations omitted). "[W]here Defendants move to transfer over Plaintiff's opposition, they must establish that the added convenience and justice of litigating in their chosen forum overcomes the deference ordinarily given to Plaintiff's

7

choice." *Id.* JK Moving has done so here by seeking to have both complaints efficiently adjudicated by a single court. Def.'s Mot., ECF No. 6 at 9. Because both complaints concern the same subject matter and will likely involve the same evidence and witnesses, such reasoning is legitimate and therefore entitled to some weight. *Compare* D.C. Compl., ECF No. 1 *with* Eastern District Compl., ECF No. 6-1.

### c. Whether the Claim Arose Elsewhere

The claims before this Court arose in both D.C. and Virginia. *See* Compl., ECF No. 1 ¶¶ 1-7. JK Moving argues that "[a]ll of the material events in the dispute took place in Virginia, including the moving and storage services provided by JK Moving, and the witnesses in this action are located in Virginia." Def.'s Mot., ECF No 6 at 8-9. Winmar responds by arguing that the contracts were solicited, negotiated, entered into in D.C. and all payments were made in D.C. Pl.'s Opp'n, ECF No. 8 at 8.

"Courts in this district have held that claims 'arise' under 28 U.S.C. § 1404(a) in the location where the corporate decisions underlying those claims were made or where most of the significant events giving rise to the claims occurred." *Treppel v. Reason*, 793 F. Supp. 2d 429, 436-437 (D.D.C. 2011) (citations omitted). As discussed, the Court has determined that the claims

8

could have been brought in the Eastern District pursuant to section 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim occurred" in Virginia. 28 U.S.C. § 1391(b)(2). The question now before the Court, then, is whether the claim "arose" in Virginia, meaning "most of the significant events giving rise to the claims occurred" there. *Treppel*, 793 F. Supp. 2d at 436-37. Two of Winmar's three claims pertain to JK Moving's performance of the contracts in Virginia— namely, whether JK Moving was negligent when it moved the furniture and whether JK Moving wrongfully converted the furniture. Compl., ECF No. 1 ¶¶ 18-27. This factor therefore weighs in favor of transfer to the Eastern District because most of Winmar's claims arose in Virginia.

### d. *The Convenience of Parties and the Convenience of Witnesses*

Winmar argues that a witness' convenience warrants retaining jurisdiction over its case. Pl.'s Opp'n, ECF No. 8 at 8-9. It contends that a senior D.C. government official is a key witness for its declaratory judgment count and that it would be inconvenient, a waste of government resources, and unjust to require that D.C. official to hire Virginia counsel and appear in an unfamiliar Virginia court. *Id.* at 9. JK Moving responds that "the bulk of the evidence and witnesses in the matter are located in Virginia (and [Winmar] failed to show how potential

9

witnesses who work in the District would be 'inconvenienced' by travelling across the river to attend trial in nearby Alexandria)." Def.'s Reply, ECF No. 10 at 9.

The convenience of witnesses is to be considered by the Court, "but only to the extent that witnesses may be unavailable in one fora." *Berry*, 49 F. Supp. 3d at 75. Winmar does not contend that the D.C. government official would be unavailable in the Eastern District. *See* Pl. Opp'n, ECF No. 8. Furthermore, courts in this Circuit have found that the convenience of witnesses does not weigh heavily against transfer "given the close proximity of the District of Columbia and the Eastern District of Virginia." *Treppel*, 793 F. Supp. 2d at 437. This factor therefore weighs in favor of transfer because Winmar does not allege that its anticipated witness would be unavailable in the Eastern District.

### e. *Ease of Access to Sources of Proof*

JK Moving argues that "the bulk of the evidence . . . [is] located in Virginia." Def.'s Reply, ECF No. 10 at 9. Winmar provides no information regarding this factor. *See* Pl.'s Opp'n, ECF No. 8. "The importance of this factor is . . . lessened where, as here, the two potential districts are in close proximity." *Treppel*, 793 F. Supp. 2d at 438 (transferring from D.C. to Eastern District). That said, because JK Moving provides

10

information concerning the location of evidence, whereas Winmar does not, this factor weighs in favor of transfer.

### 2. Public Interest Factors

#### a. *The Transferee's Familiarity with the Governing Laws*

JK Moving asserts that the Eastern District is "more than capable" of adjudicating all of the claims in Winmar's complaint. Def.'s Reply, ECF No. 10 at 9. Winmar does not allege that the Eastern District is unfamiliar with the laws governing its complaint. *See* Pl.'s Opp'n, ECF No. 8 at 7-9. The public interest is "best served by having a case decided by the federal court in the state whose laws govern the interests at stake." *Trout Unlimited,* 944 F. Supp. at 19 (citations omitted). While the declaratory relief determination will be made pursuant to D.C. law, the other two counts in the complaint are common law claims that will most likely be governed by Virginia law. *See* Compl., ECF No. 1 ¶¶ 18-27. "Under the District of Columbia's choice of law rules, the law governing the plaintiff's claims is the law of the state with the most significant relationship to the matters at issue." *Id.* Because the contract was performed in Virginia and it was that performance that gave rise to Winmar's claims, the common law claims will likely be governed by Virginia law. This is especially true because the contracts at issue do not include a

11

choice of law provision. *See* Exhibit 1 to Def.'s Mot., ECF No. 6-1 at 12-34. Moreover, it is reasonable to assume that Virginia courts are familiar with D.C. law, given the close proximity of the jurisdictions. *See Jimenez v. R&D Masonry, Inc.*, Civ. No. 15-1255 (JEB), 2015 WL 7428533 at *4 (D.D.C. November 20, 2015)(finding it reasonable to assume that Maryland courts will be familiar with District of Columbia law for transfer purposes). Therefore, this factor weighs in favor of transfer.

### b. *The Relative Congestion of Each Court*

Neither party argues that the congestion of either court will cause undue delay, nor do they argue that they will receive a speedier resolution in either court. *See* Def.'s Mot., ECF No. 6; Pl.'s Opp'n, ECF No. 8. Therefore, the Court gives this factor no weight. *Babbitt,* 104 F. Supp. 2d at 16.

### c. *The Local Interest in Deciding Local Controversies at Home*

Finally, although courts in both jurisdictions may have an interest resolving Winmar's claims, courts in this Circuit "have looked at where a clear majority of the operative events took place in order to determine where a case should be adjudicated." *Treppel*, 793 F. Supp. 2d at 439-40 (quoting *Trout Unlimited*, 944 F. Supp. at 19). As previously discussed, the contracts were performed in Virginia and JK Moving's performance gave rise to

most of Winmar's claims. *See* Compl, ECF No. 1 ¶¶ 2-6, 19-21, 23-27. This factor therefore weighs in favor of transfer.

## IV. Conclusion and Order

Having considered all of the relevant factors, the Court concludes that JK Moving has made the necessary showing that "considerations of convenience and the interests of justice weigh in favor of a transfer." *Berry*, 49 F. Supp. 3d at 75 (citations omitted). The Court is persuaded that the parties and their witnesses will be inconvenienced and judicial resources will be wasted if the two inextricably linked cases are litigated in two different forums. *See id.* at 76-77 (transferring in part because the plaintiff filed four civil actions "arising out of the same set of facts" in the other district). Both cases likely involve the same witnesses, who will no doubt be inconvenienced by having to participate in two similar cases in two different forums.

While the burden remains with the movant JK Moving, it is significant that Winmar does not allege that it will be prejudiced if its case is transferred to the Eastern District. *See generally* Pl.'s Opp'n, ECF No. 8. Indeed, Winmar anticipated litigating these claims in the Eastern District when it asserted them as affirmative defenses in its answer. Eastern District Answer, ECF No. 6-2 ¶¶ 1-2. As such, the Court is not persuaded that Winmar will be prejudiced by transfer. *See Berry*, 49 F.

13

Supp. 3d at 75-76 (finding that the fact that the plaintiff filed four actions in the other district "belie[s]" his "conclusory allegations of prejudice").

Because the Court has determined that this proceeding will be transferred, the Court does not reach the JK Moving's remaining arguments that (1) Winmar's complaint should be dismissed pursuant to the "first-to-file" rule as duplicative of JK Moving's first-filed complaint in the Eastern District, and (2) Winmar's declaratory judgment claim should be dismissed for failure to state a claim. Accordingly, it is hereby

**ORDERED** that JK Moving's motion to dismiss the Complaint, or, in the alternative, transfer venue to the U.S. District Court for the Eastern District of Virginia is **GRANTED IN PART**; and it is

**FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1404(a), the Clerk's Office is directed to **TRANSFER** this case to the United States District Court for the Eastern District of Virginia.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**            United States District Judge**
**            March 7, 2018**